Mr. Williams, we'll be glad to hear from you. Well, good morning, your honors, and may it please the court. In every federal case, we expect to see a few basic steps taken. One of those steps is at issue here, the step of adding someone as a party to the case by naming them in an operative pleading. Only once that step is taken can the wheels begin to turn towards a money judgment issued against that person. Here, however, Life Technologies of Delaware skipped that key step. Instead, it failed to meet its responsibility to name Dr. G, or Dr. Govindaraj, and instead added him in an ad hoc process at the end of the case when he had never in fact been named at the complaint and never in fact been made a party. Is the problem the failure to follow the procedure of a motion to amend and service in that issue, or is the problem that he was added without an alter ego analysis? In other words, if there was an alter ego analysis, is that procedural step required? I think both of those are problems, your honor. Assume there was an alter ego analysis done. I know you get to that point. Sure. Are the procedural steps you are talking about required? They are, your honor. The Nelson case involves an instance where a party was added right at the moment when they were added to the judgment, and they were added on the basis that that individual was an alter ego of the named defendant. But in that case, the basis of the decision was primarily that simultaneously with the adding of the party, there was an alteration of the judgment that made them liable. Here, the motion to hold Dr. G, and I hope that is not perceived as any indication. My name is hard to pronounce too, so I can appreciate that. But there was time, unlike in the Nelson case, between the motion and the finding. Well, respectfully, your honor, I think I would take issue with the characterization of Nelson. Because what Justice Ginsburg said there is that the defendant, well, the additional party, the late added party, did in fact have time to litigate the issue of whether he should be liable for this money judgment before he was then added instantaneously to this amended judgment. And what Justice Ginsburg said was that that informal opportunity, that sort of ad hoc opportunity, was in fact not sufficient. And that Rule 15 and the due process that's reflected in Rule 15 demand more. They demand the formal process that we expect in the form of an answer or a Rule 12 motion. And all the things that we ordinarily expect to see before someone actually is on the hook for several hundred thousand dollars of liability. So I think that addresses your question. Well, how do you square that with our Scott Cable decision that's present and we're working with here? Certainly, your honor. I'm happy to have the opportunity to be in front of Judge Keenan, who is the author, and find a little bit of discomfort in telling the author how to interpret her own opinion. However, that said, I think that the Nelson case, again, provides the answer, your honor. In that case, plaintiffs made the same argument, that the waiver of personal jurisdiction and the waiver of service of process issues were enough to wave aside all the due process arguments that Nelson was arguing about there. What the court said was that the purported waiver of personal jurisdiction arguments or the purported waiver of service of process issues was, quote, beside the point. And that really, I think, is the fundamental issue, your honors. But you had an alter ego finding in Scott Cable. There was an alter ego finding, your honor, which is a key factual distinction, not to mention the fact that was also a reverse bail piercing situation, which I think presents a whole different set of considerations from actually bringing in a new individual and tying that individual to a money judgment. Talk about that. What's the difference of a reverse piercing versus a traditional piercing, and how does that make a difference here? I think it makes a difference, your honor, because it goes to the very purpose of the reason for the existence of corporate entities. Corporate entities are created in some sense to separate the individual and candidly shield the individual from some degree of liability, to tie the responsibilities of the corporation to the corporation itself, such that members and officers and individuals who are involved in that enterprise can go forward with some confidence that they themselves will not face liability. So in Scott Cable, the individual was already on the hook. They had already been brought in. So that consideration of the separation, frankly, wasn't really present because the individual was already there and was already having to come out of his pocket. In that case, frankly, your honor, it's more analogous to a case where an individual moves assets after the fact to avoid the judgment, and then the court allows the plaintiff to pursue those assets because it's a fraudulent conveyance or it's some fraud on the court. In this instance, frankly, nothing like that is present in the record below. Nothing like that was, as far as I understand, even argued by Life Technologies of Delaware below. They just said, we have Life Technologies of Maryland here, close enough, let's stick these two individuals on the judgment. Because recall, they not only wanted Dr. Govindaraj, they also wanted his wife, who'd never even been present in the Maryland District Court. They did a little more than that, don't they? I mean, it looks to me like the motion below was based on the pillow fashions line of cases. Correct. And I understand your point that in that case they were already parties. Correct. But they wanted to just tack them on. They did tie it to some theories that whether they apply or not may be a different question. Right, and I apologize if I overstated that. I think that the pillow fashions reliance is important in its own sense, however, because that line of cases looks to the personal involvement of the individual, which is distinct, of course, from an alter ego theory of liability. In fact, these plaintiffs make a very careful point of distinguishing between veil piercing and alter ego kinds of allegations, because frankly, I think those are harder to meet, against the pillow fashions line of analysis, which merely says that someone can be held liable because of their personal involvement. But that's just it. If they're personally involved, then they need to be a party. They need to be named. And frankly, Your Honors, this is a situation where it wasn't as if Dr. Govindaraj was hiding. It wasn't as if this was a situation where a misnomer situation, for instance. None of those things are present here. Dr. Govindaraj's involvement, his role in this entity, was understood from the beginning of this case. And what's clear from the record is that Life Technologies of Delaware made a very express and deliberate decision not to add him as a party because of the complications that they foresaw, timing-wise, perhaps otherwise, in doing so. And that's exactly, frankly, the rules are designed to prevent these sorts of end-arounds around the procedural protections and, frankly, substantive defenses that an individual might have as opposed to the corporate defendant. So I assume you are today making only a due process argument and you are conceding personal jurisdiction. I would say, Your Honor, that I'm not conceding personal jurisdiction, but that is not the argument that I'm making. So the distinction there is just that I don't think that the record below supports the idea that he expressedly waived personal jurisdiction. I think that when you're a contemnor and you're brought into the court because the court has ordered you to do so and under an order to show cause, that that's a different consideration from a party, for instance, voluntarily appearing and subjecting themselves to the jurisdiction of the court without protest. What happened here, of course, is that Judge Titus summoned him to answer for his conduct in discovery. Well, if you're not making a personal jurisdiction argument, I don't think there's any onus on the court to sue a sponte finding on personal jurisdiction. I think that's fair, Your Honor. I just wanted to be clear about sort of where the state of this record is because that goes to the related issue of what was and was not represented below. And I think what happened below was Dr. Vinderaj answered the court's order to show cause. He became embroiled in these discovery disputes, which were admittedly wrong, and responded as a potential contemnor. But at no point did Dr. Vinderaj say, please, Your Honors, bring it on. I'm ready for my money judgment now. Frankly, the only times which the subject of his personal liability arose, we saw strenuous objection from Dr. Vinderaj at the suggestion that he would be on the hook. And I think what this case ultimately boils down to, Your Honors, are two fundamental truths, which I don't think really any party is fundamentally contesting. I think one is the fact that Dr. Vinderaj was not a party to this case by everyone's recognition. I think that was conceded below, and as I understand it, remains conceded here. And two is that there is no case, as far as I am aware, and as far as I can tell from the submissions made to date, where a court has directly addressed the issue in this circuit and said that a non-party may be held viable for a money judgment. What we do have, however, are cases like Nelson and Zenith Radio, where courts have said exactly the opposite. And given those two fundamental realities, the court erred in doing exactly what it did here. And you're not appealing the court's injunction order, are you? We're not, Your Honor. The court, there was a provision under the rule that enabled the court to extend its injunction reach to non-parties to the case. That, of course, is an understood power of the court. So, no. And you only represent Dr. G. Life Technologies, not of Delaware, is not raising any claims because it's not here. Correct, Your Honor. I believe that Life Technologies of Maryland defaulted, essentially, on appeal because they did not have counsel, so the court only appointed me to represent Dr. Govindaraj in his individual capacity. So the judgment would still stand against that entity. What I'm only here to say is, frankly, that the judgment, this ad hoc procedure, cannot stand against Dr. Govindaraj. And in addition, that even if the court were to determine that the judgment could stand, that the attorney's fee award had certain additional problems that would require further consideration from the district court below. I'm content, frankly, to rest on my papers as to that issue and as to the contempt issue as well that was identified, but I'd be happy to address any questions from the court as to those two issues. Okay. All right. Thank you. You have time on rebuttal. Thank you, Your Honor. Ms. Canty. Thank you, Your Honor. Good morning to the panel. May it please the Court, my name is Megan Canty Murphy, and I'm here on behalf of Apelli Life Technologies Corporation. Ms. Canty, perhaps you could start by telling us why you didn't include Dr. Govindaraj in the complaint or later seek to add him as a party in the litigation. Well, the answer as to why he wasn't initially named in the complaint is because the facts regarding the corporation and the unity of interest between the corporation and Dr. Govindaraj didn't come to light until after discovery was done. You didn't assert an alter ego theory in the district court, did you? The alter ego issue wasn't disputed. The question of whether Dr. Govindaraj was an alter ego of Life Technologies of Maryland was essentially conceded at the district court level. Where is the discussion of alter ego in this record? Well, initially, I believe it's page 185 to 186 of the joint appendix. The counsel for Dr. Govindaraj asks the court, are you telling me you're considering pitting the corporate veil? And the judge says, yes, that may be what's required to effectuate my order. I'm sorry to interrupt you, but did he then go through the analysis? I've looked at the Maryland law on what you have to do to pierce the corporate veil, the factors. I didn't see anything where either you requested that or the court did that. The court didn't go through that analysis because it was essentially conceded. I mean, he testified, Dr. Govindaraj testified multiple times this is a shell corporation. He indicated that he commingled funds. He provided sworn declarations and testimony live in court. So is there a finding of alter ego and then alter ego liability by the court? There's not a formal finding that states the words alter ego. If you read the court's decision in March of 2016, towards the end, he describes why he's holding Dr. Govindaraj personally responsible, and he describes him as the mastermind of the corporation and that he's personally involved in every step of the way. Is that sufficient to render alter ego liability under Maryland law? Under the facts of this case, I would say yes. And where it's not disputed by the individual himself, he in fact puts that evidence in front of the court. Where are you arguing this? Where have you argued that? We've argued that in our brief in front of this court. That there's alter ego liability? Correct, Your Honor. That's in our brief filed in this court. And citing to the Sky Cable case in particular. While that may have been in your brief, what I didn't see is in the motion that you filed for damages and attorney's fees. In fact, the cases you cited, I think, to hold the individual liable was the Polo fashion case and some others along those lines. And then the district court, when he found liability, didn't cite those cases, but it was much more related to the arguments that you made in your motion than any alter ego finding. That's correct, Your Honor. And for one point, I will point out that we didn't have the benefit of the Sky Cable case at the time this was in front of the district court. But I think the reason that that issue wasn't heavily litigated in the district court is because it wasn't disputed. And when the court asks at the March 2016 hearing, he asks counsel to address the issue of why I shouldn't hold him personally responsible, he doesn't raise any sort of issue. He doesn't say, oh, he's not the alter ego. All he says is, well, he wasn't formally named the alter ego. Maybe his position was he wasn't on notice of that because that notice hadn't been given. Where exactly in your brief do you say there's an alter ego finding that creates liability? I can find that, Your Honor. I don't know that I said that there was an alter ego finding. Like I said, formally, I don't know that that is the language that the district court used. The court said he was clearly the mastermind of this corporate entity. Is that what you're relying on? And had fully participated in and fully understood what was going on? Yes, Your Honor. That's correct. Okay. I'm sorry. Go ahead. I apologize. One of you go. Okay. How does that establish an alter ego? What about that speaks to the legal determination of alter ego? You can be a mastermind of something without being an alter ego. You can be the brains behind the corporation and not be an alter ego, can't you? Correct, Your Honor. I think, like I said, in the totality of the circumstances, the particular facts of this case where you have the individual coming into court, the only participant in the case on behalf of the defendant comes into the court and says this defendant is a shell. After he himself personally dissolves the corporation without giving notice to creditors, misrepresents that there's no creditors the day after the summary judgment hearing and then comes into the court and says this was just a shell corporation. It had no assets. It had no sales. It had no employees. And I commingled funds. I used all my personal funds to fund the business. Under these facts, yes, I think that is sufficient to show that he is the alter ego of the company and that played into the court's decision. These questions that I'm asking at least don't have anything to do with any comments on the conduct of the defendants and how the corporation was handled. And maybe there would have been a record from which alter ego could have been easily had. But it appears to me we have an individual who is not a party to a case. And he is then assessed damages without ever been, without a motion to make him a party, without being served, without the opportunity to raise whether jurisdiction is proper, whether venue is proper. And so the result you seem to be seeking seems like it would have far reaching implications in terms of how you handle parties and employees of parties of companies beyond this case.  And I think that's why it's important to recognize the unique facts of this case, that this does not translate into most cases. This is a case where December 2012, I mean, ultimately the question is whether he had sufficient notice and an opportunity to be heard on the issue of personal liability. And December 2012, the court tells him and his counsel, I'm considering holding you personally liable. And I believe that's what should be done to effectuate my orders and my judgment. And it's not three and a half years until a judgment is finally entered. He had more than sufficient notice that this was at issue. And then it's put at issue again expressly in October 2015 in the damages motion, and again in December 2015 in the fees motion. And again, the decision is not until March 2016. So what's your best case for that theory? I mean, if you just assume for purposes of argument that the court were to find that the prerequisites for alter ego liability under Maryland law were not established or found by the court, what's your best case for liability on behalf of the individual? You mean as a formal case site? Well, a formal case site, and what's your basis? I'll have to get you the case site. I can't think of one off the top of my head. Well, what's your theory? Essentially, the rules of procedure are there for a purpose. And if you look at Rule 1, Rule 1 gives the purpose of the federal rules of procedure, which are to effectuate a just, speedy, and inexpensive result. And it doesn't require slavish conformance to the procedural requisites. Here, the purposes of the rules were definitely met. The purpose of giving him notice, making sure he had the opportunity to be heard on the issues, making sure that the issues were... Well, if it wasn't the party, what authority would he have to file an answer? He's never been given a complaint to tell him what the basis of liability is. What's his authority to file anything and argue in the court? I mean, there is case law that is not required that a party be given... Somebody you are holding liable on the judgment be given an opportunity to answer the complaint. For example, in Sky Cable, there is an adding of a party to the judgment after the judgment was entered. In this case, this was well before the judgment was entered. He was put on notice. Right, but you had the alter. It's a specific finding on the record of alter ego liability there. You had the reverse situation of what we have here in terms of the parties. Are you referring to the reverse bail piercing issue? Right. You had the defendant, and if I'm remembering this correctly, in Sky Cable, and the alter ego finding went to the subsidiary in that case. It's the reverse here. I think the facts are actually stronger in our case. In Sky Cable, the wife was claiming an interest in the entity that they were seeking to add to the judgment, and the question was whether you could pierce the corporate bail in the reverse way and hold an entity liable on the judgment that was potentially owned by another party that wasn't a party to the judgment. Here we have the company on the hook and extending liability to Dr. Govindaraj. This is the traditional bail piercing. They are one and the same, and he is the company, and there's no one else that's potentially being harmed or damaged by adding Dr. Govindaraj to the judgment. Well, he's harmed or damaged. Did he deserve a notice like any other party before that happens? Yes, Your Honor, and he received that notice, and he formally appeared in the case, and while we conceded that he was not named as a defendant, I wouldn't concede that he wasn't a party. He appeared formally as an interested party. He opposed the motion for damages, the motion for fees, which wasn't necessarily related to the contempt proceedings. He created this fiction of I'm going to appear as the trustee of the assets of the corporation that he dissolved and then told the court there were no assets, and the reason I didn't give creditors notice is because the corporation had no assets, so I didn't think it mattered. It's clear if you look at the record. One of the reasons he wasn't formally added is that everybody already knew what was at issue. The parties knew his personal liability was the only issue still left because the corporation had nothing. There was no reason for him to oppose the damages motion or oppose the fees motion if not defending himself against personal liability. That may be, but isn't someone, and I realize your point about that there was a reference to the district court that he might be held liable. He was considering that, but even if he heard that, there's a difference of being told that's something you're considering and being subjected to a party liability when you don't have the step of either a request to pierce the corporate veil or to bring the party in to the case. I mean, I can see it may not be the most prudent thing, but someone might say, hey, until there's a motion or whatever, I'm just going to kind of not do much here, and it seems like there's an important step that's getting left out here. The formal motion was made in connection with the damages motion and the fees motion. It does formally ask for him to be added as a judgment debtor, that the judgment be entered against the corporation and against him jointly and separately, and he does have an opportunity and, in fact, did file written oppositions to both of those motions, submitted declarations in opposition, and then at the hearing, when his counsel failed to address that issue, the court specifically asked him to address that issue to make sure that that opportunity to be heard was there and that there was no question over whether he was on notice that this is what he was considering doing, and like I said, I believe that notice started back as far as December 2012. Did you agree there's nothing in this record that constitutes a request to pierce the corporate bail? Not in those terms. You're correct. It does not request formally for El Dorigo or piercing of the corporate bail. I think that can be inferred from and implied also from the court's decision and the language that he uses at that hearing, but also we did cite to the fact that how involved Dr. Govindaraj was in everything, that it was something run out of his basement, that this was a company that he's claimed to be a shell, and that was first brought out, too, at the hearing in December 2012. The first hearing was December 10th. The second was December 18th, and on the 10th, the court said, I'm holding you personally liable, and eight days later, counsel for the appellee asked Dr. Govindaraj on the stand all the questions about El Dorigo. He asked him, you know, did you have bylaws? Did you have minutes? Did you have any sales activity? It certainly put at issue starting as far back as December 2012. I just want to hit on one more point that I don't think we hit yet, and that is, you know, while I understand your point that this could have potentially far-reaching consequences, this, like I said, is a very unique case, and I think this decision is important to set a precedent for other reasons, for the district court's ability to control its case, to control its docket, to control the litigants in its courtroom, and to protect the integrity of that system, because here we had an injunction issued, and the individual who was personally enjoined by that injunction not only ignored it, he took actions that were directly in violation, the opposite of what he was told to do under that injunction. Then there's, in open court, he orders Dr. Govindaraj to participate in discovery. He refuses to participate. He then orders him to sign a document. He refuses to sign the document, and this goes on over a course of years, and there's the issue, you know, the day after the summary judgment hearing, he dissolves the corporation without notice to creditors. This is a unique situation where the district court needed to exercise its power to hold someone accountable for the games that he tried to play in that court and for the, you know, blatant attempts to avoid liability for his willful conduct. Unless the panel has any more questions. If we were to reach the attorneys fees issue that's raised, where does the district court make a finding as to the lodestar amount? As the specific amount? I think he does cite to the Robinson case and the 12 factors. Right, but he's supposed to find a lodestar from that. Did he do that? I don't think he expressly found a particular, you know, said there was. I think, you know, in the lodestar analysis takes into account the fact that, you know, the work of the attorneys involved and what they, and he definitely addresses that. I think he addresses the factors of the lodestar analysis and says that he thinks the full amount is warranted based on the facts of the case. He says, you know, these were reasonable rates. These were, and that's the only evidence before him, is that there were reasonable rates and reasonable hours spent and that the peculiar facts of this case required the level of involvement that counsel had to engage in and that it was the fault of the defendant himself that the fees were that high and then decides on to award the full amount based on an analysis of the lodestar factors. That sounds to me more like a Rule 37 sanctions analysis than an analysis of the Robinson v. Unifax factors. What's your response to that? Well, I think there's the analysis of the Robinson v. Equifax but also 1117B requiring that there be willfulness and he takes into account the litigation conduct of the parties in determining the fee award. So he had to, you know, take account for both. So his indications as to what the role of the parties were in this, you know, ultimate bill, the ultimate fee award, in some ways it takes into account the statute that allows for fees because of willful, not just willful trademark infringement, but willful litigation conduct. You're good? Okay, thank you very much. Thank you very much, Your Honors. Mr. Williams, you've got some rebuttal time. Thank you, Your Honors. I think the answer to a couple key factual questions that the Court has is happily and thankfully found on one single page of the Joint Appendix. That page is page 386. This is where Counsel for Life Technologies of Delaware is making his argument in response to a question from the District Court about how Dr. Govindaraj and his wife can actually be held personally liable. What page are you on? J386. And what Counsel says is, well, Your Honor, they've not been named officially in this case, and frankly we had not done that after the summary judgment hearing. I think it may have been too late to do it at that point either. But our position, Your Honor, is that officers of a corporation can be held personally liable for the company's trademark infringement. And then he cites a case that's a District of Maryland case that basically parrots this Polo Fashions analysis, which talks about the personal involvement of the individual in the acts of infringement. That's a different analysis from the alter ego analysis, as Your Honors are picking up on. Some of these cases actually distinguish expressly between this analysis and the alter ego bail-piercing analysis. I believe the Bobbitt case that Plaintiff actually cites is one of those cases. And then we also just heard a suggestion that even though they weren't named in the complaint, they might have nevertheless been parties to this case. If we move to the bottom of page 386, we see again that was expressly rejected by counsel for plaintiffs. So the fact that they are not named individually as parties in this lawsuit, that does not mean that the liability cannot extend to them.  At least in the District Court, everyone understood that Dr. Govindaraj was not a party, despite his potential role as a contemnor. And everyone understood that this was not an alter ego or bail-piercing situation. Whatever concessions were made by Dr. Govindaraj or what have you, those weren't picked up on and pressed by plaintiffs in this case. So your view, I take it, is that based on this dialogue with the District Court, that the plaintiff's position at trial in the District Court was that liability was based on some provision of trademark law? Correct, Your Honor. That's exactly right. So obviously distinguishable from this idea that alter ego liability can extend. I also want to speak to this idea that this is a unique situation that the District Court had to control. I recognize and respect, frankly, that there were things happening in this record that we don't want to see from our litigants. But the power of the District Court to control that sort of behavior lies in the contempt sanction. The District Court, in fact, exercised that contempt power a few times in this case. One of those times we obviously believe he shouldn't have. But the point is, Your Honor, that no case suggests that a party should be punitively added to a judgment without due process of law merely because the District Court is upset about the behavior of that party, or that individual rather, in the course of third party discovery. That's a proposition that so far as I have seen has never been hinted in any authority, state, federal, Supreme Court, what have you. I also think this idea that Dr. Govindaraj is on notice as of December 2012 is important as well. Because what that says, Your Honor, is that Life Technologies of Delaware had the choice at that time, at the very least, to go through the process of adding this individual as a party. And despite that opportunity, failed to do so. So again, we have a party making a deliberate choice not to put Dr. Govindaraj on the hook, not to tell him, we're coming after you, we're coming after your assets, and nevertheless failed to do so, and only several years later decided that they had changed their mind. And lastly, I guess I'll just say this on the attorney's fee issue, because Your Honors did briefly touch on that. I think, Judge Quattlebaum, your point about the sort of punitive tenor of this attorney's fee award was troubling to me as well. Obviously, attorney's fee awards are not meant to be punitive. That's what a contempt sanction is meant to do. There was no hint that the District Court believed he was exercising his contempt power in imposing those attorney's fees, because that would then create problems in our good year about the size of the award tied to the conduct. But I think that's another reason why, frankly, this analysis was not entirely there. And I think it's interesting, frankly, that Plaintiffs cited the Best Medical case as an example of the sort of deference that was owed to the District Court in making attorney's fees decisions, because although they cite a second decision in Best Medical, the first decision in Best Medical remanded because the District Court had failed to undertake the proper Robinson analysis. That's exactly what should happen here if the District Court even had the right to impose attorney's fees, which it did not. Thank you, Your Honors. Thank you very much. We'll ask the clerk to adjourn court, and then we'll come down and re-counsel. This honorable court stands adjourned, sine die. God save the United States, this honorable court.
judges: G. Steven Agee, Barbara Milano Keenan, A. Marvin Quattlebaum Jr.